IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:21-MJ-08002-CEH |
| Plaintiff, | ) | |
| | ) | UNITED STATES MAGISTRATE JUDGE |
| v. | ) | CARMEN E. HENDERSON |
| | ) | |
| MICHAEL J. KAUFMANN, | ) | |
| | ) | **ORDER** |
| Defendant, | ) | |
| | ) | |

Pending before the Court is Defendant Michael J. Kaufmann's motion in limine seeking to exclude testimony from an expected government witness, Ms. Gabrielle Capone. (ECF No. 21). The government opposes the motion in limine. (ECF No. 23). For the following reasons, Defendant Kaufmann's motion is DENIED.

Defendant Kaufmann is charged with Application of Certain Criminal Laws to Act on Aircraft in violation of 49 U.S.C. § 46506(2), of which his conduct, exposing his penis while in public and on an aircraft, violated District of Columbia Code § 22-1312 (Lewd, Indecent, or Obscene Acts). (ECF No. 1). Allegedly, during a flight from Florida to Ohio, Defendant Kaufmann exposed his penis to a 16-year-old passenger sitting beside him. The event caused the airline flight crew to request that Defendant Kaufmann change seats with his wife who was seated a row behind him. Upon changing seats, Kaufmann was then seated next to the expected government witness, Ms. Gabrielle Capone. While seated next to Capone, Defendant Kaufmann exchanged text messages with his wife seated in the row in front of Capone and himself. Capone observed the

contents of the text messages between Defendant Kaufmann and his wife because of the large size of the print on the phone and because Defendant Kaufmann used his phone out in the open without any effort to conceal it. (ECF No. 23). In one of the text messages Capone noticed that Defendant Kaufmann texted his wife stating in sum and substance whether the woman was too embarrassed to say that his (Defendant's) "Johnson was out." (ECF No. 23). The government intends to have Capone testify about her recollection of the text message exchange between Defendant Kaufmann and his wife. Defendant Kaufmann seeks to preclude Capone's testimony citing Fed. R. Evid. 1002, 1004 and spousal privilege. (ECF No. 21).

Rule 1002 of the Federal Rules of Evidence requires that a party introduce an original writing, recording, or photograph in order to prove the contents unless otherwise provided by the rules. Fed. R. Evid. 1002. Rule 1004 states that:

> [a]n original is not required and other evidence of the content of a writing, recording, or photograph is admissible if:
>
> (a) all the originals are lost or destroyed, and not by the proponent acting in bad faith;
>
> (b) an original cannot be obtained by any available judicial process;
>
> (c) the party against whom the original would be offered had control of the original; was at that time put on notice, by pleadings or otherwise, that the original would be a subject of proof at the trial or hearing; and fails to produce it at the trial or hearing; or
>
> (d) the writing, recording, or photograph is not closely related to a controlling issue.

Fed. R. Evid. 1004.

Here, other evidence of the context of the text messages is admissible under Fed. R. Evid. 1004. Defendant Kaufmann concedes that the original text messages are not available. (ECF No.

21 at 3). The government subpoenaed Defendant Kaufmann's cell phone service provider and the contents of the text messages were not available. (ECF No. 23 at 3). The government has established that the original text messages are unavailable and cannot be obtained by judicial process. Accordingly, an original is not required and other evidence of the content of the messages is admissible under Fed. R. Evid. 1004.

Further, the Court agrees with the government that Defendant Kaufmann's text messages to his wife are not protected by confidential marital communications privilege because the communications were not made in confidence. "To successfully assert the confidential marital communications privilege, three requirements must be met: (1) at the time of the communication there must have been a marriage recognized as valid by state law; (2) the privilege applies only to utterances or expressions intended by one spouse to convey a message to the other; and (3) the communication must be made in confidence." *United States v. Underwood*, 859 F.3d 386, 390 (6th Cir. 2017) (citing *United States v. Porter*, 986 F.2d 1014 (6th Cir. 1993)). "Confidential communications between spouses made during the marriage are presumptively privileged." *United States v. Robinson*, 763 F.2d 778, 783 (6th Cir. 1985) (citations omitted). However, "wherever a communication, because of its nature or the circumstances under which it was made, was obviously not intended to be confidential, it is not a privileged communication." *Wolfle v. United States*, 291 U.S. 7, 14–15 (1934) (citations omitted). When a conversation is made before a third person, or when a conversation is likely to be heard by a third person, such communications are not privileged because they were not made in confidence. *Wolfle*, 291 U.S. at 14; *United States v. Klayer*, 707 F.2d 892, 894–95 (6th Cir. 1983) (Testimony of wife concerning phone conversation which she had with husband was admissible, despite husband's assertion of marital privilege, where third party was on phone at same time, thus qualifying conversation as exception to privilege

for confidential marital communications.); *United States v. Schwartz*, 698 F. App'x 799, 802 (6th Cir. 2017) (Defendant's communication to his wife in an area "where people are regularly present significantly diminishes any expectation of confidentiality.").

In this case, Defendant Kaufmann was sitting next to Capone on a commercial flight. He reportedly used his cell phone in a manner that did not attempt to conceal the contents of his messages. Because of Defendant Kaufmann's decision to use his phone in a place and manner in which it allowed the person sitting next to him to easily observe the contents of the messages, these communications were not made in confidence. Accordingly, the confidential communication marital privilege does not apply.

Defendant Kaufmann's motion in limine is DENIED.

**IT IS SO ORDERED**

Dated: August 5, 2021

                                        *Carmen E. Henderson*
                                        **Carmen E. Henderson**
                                        **United States Magistrate Judge**